IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA STURZENACKER,<br>　　　　　Plaintiff<br>vs.<br><br>CMC RESTORATION, INC., CHRISTOPHER<br>& BRUMMETT, INC., and DAVID KELLEY,<br>　　　　　Defendants, | COMPLAINT FOR CONSUMER<br>DEBT COLLECTION ACTION<br><br><br>CIVIL ACTION<br>NO.: |

## COMPLAINT

AND NOW COMES Plaintiff, Gloria Sturzenacker, by and through her Counsel, William J. Fries, Esquire, and make the following averments in support of her Complaint:

1. All allegations made in this Complaint are based upon information and belief except those allegations which pertain to Plaintiff, which are based on personal knowledge. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## NATURE OF THE ACTION

2. This action arises from Defendants' attempts to collect an alleged consumer debt in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C.A. §§ 1692 *et seq.* ("FDCPA")

3. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA

to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C.A. § 1692(a) to (e).

4. In the Third Circuit, the impact of the language used by debt collectors is judged from the perspective of the least sophisticated debtor in our society. See, e.g., Brown v. Card Serv. Ctr., 464 F.3d 450, 454 (3d Cir. 2006).

5. The Defendants' unfair debt collection practices also give rise to related claims, including violation of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. § 2270.2, *et. seq.*, violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201-1, *et seq.*, violation of Home Improvement Consumer Protection Act ("HICPA"), 73 P.S. § 517.1, *et seq.*, fraud, and breach of contract.

6. Plaintiff brings this action to challenge the misconduct of Defendants with regard to Defendants' attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be owed to Defendant CMC Restoration, Inc. by Plaintiff, which caused Plaintiff actual and statutory damages.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C.A. § 1331 and 15 U.S.C.A. § 1692k(d) because this matter involves violations of the Fair Debt Collection Practices Act, which grants this court authority to hear this action without regard to the amount in controversy.

8. This Court may exercise supplemental jurisdiction under 28 U.S.C.A. § 1367 over the state law claims asserted by Plaintiff.

9. Venue is proper in this judicial district pursuant to 28 U.S.C.A. § 1391 because Plaintiff lives in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

10. Plaintiff, Gloria Sturzenacker, is a natural person residing at 1030 6th Street, North Catasauqua, Northampton County, Pennsylvania 18032 ("Subject Property").

11. Plaintiff was allegedly obligated to pay a debt for services performed for her personal and household use, and is, therefore, a "consumer" as that term is defined by 15 U.S.C.A. § 1692a(3) of the FDCPA. Additionally, Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCEUA, in that she is a natural person residing in Pennsylvania who allegedly owes a debt.

12. Defendant CMC Restoration, Inc. ("Defendant CMC") is or was at all relevant times a registered Pennsylvania business corporation with its principal place of business located at 34 Midland Avenue, Chester County, Berwyn, Pennsylvania 19312.

13. Defendant Christopher & Brummett, Inc. ("Defendant C&B") is or was at all relevant times a registered Delaware corporation with a principal place of business located at P.O. Box 660, Felton, Delaware 19943. The information for Defendant C&B's registered agent is: Lora A. McKewen, 105 W. Sewell Street, Felton, Kent County, Delaware 19943.

14. Defendant C&B uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15. Defendant C&B is a "debt collector" as defined by the FDCPA, 15 U.S.C.A. § 1692a(6), and by the FCEUA, 73 P.S. § 2270.3.

16. Defendant David Kelley ("Defendant Kelley") is a natural person who is believed to be the owner or a co-owner of Defendant CMC, with an address of 771 Font Road, Chester County, Glenmoore, PA 19343-9523.

## FACTUAL ALLEGATIONS

17. On June 30, 2015, Plaintiff sustained three broken storm windows at her home on the Subject Property as a result of a hail storm.

18. In late August, 2015, Robert Graham, an employee of Defendant CMC convinced Plaintiff that her home had also sustained damage to the aluminum siding and porch roof.

19. Plaintiff filed a claim with her insurance company, and on or about September 4, 2015, Professional Claims Service, an insurance adjustment company, provided a statement of loss for Plaintiff's home.

20. On or about October 9, 2015, Mr. Graham and another employee of Defendant CMC, Claudia Murray, fraudulently induced Plaintiff into signing a contract with Defendant CMC for repair of the storm damage to Plaintiff's home. Defendant CMC's employees misrepresented the nature of what Plaintiff was signing, misleading her into believing that she was only signing a "scope" document for her insurance company, not a contract with Defendant CMC. A true and correct copy of the "scope" document is attached hereto as Exhibit "A" and incorporated herein by reference.

21. Defendant CMC began to work on Plaintiff's home, but failed to perform proper repairs. Mr. Graham induced Plaintiff to replace her aluminum siding with vinyl siding, and failed to use the $3,000 difference to replace her windows.

22. Additionally, Mr. Graham induced Plaintiff to have three sets of undamaged shutters painted. Upon removing them for repainting, Defendant CMC fraudulently replaced them with lesser quality shutters.

23. Furthermore, Defendant CMC failed to replace a storm door or reglaze three broken windows.

24. Defendant CMC also removed the front porch soffitt despite Plaintiff instructing them not to do so.

25. Despite these failures by Defendant CMC, this Defendant demanded that Plaintiff turn over her entire insurance proceeds of $10,421.45. Plaintiff refused because of the unfinished work and the damage she had incurred.

26. Defendant CMC made improper demands and threats against Plaintiff for the payment of the insurance proceeds.

27. Additionally, on January 13, 2016, Defendant Kelley, an agent of Defendant CMC, personally and improperly filed a mechanics' lien on the Subject Property in the Court of Common Pleas of Lehigh County, Pennsylvania. In violation of 49 P.S. § 1502, Plaintiff was not given notice of the improperly filed lien until her counsel received a letter from Defendant CMC's counsel, dated July 15, 2016. A true and correct copy of the July 15, 2016 Letter with the Mechanics Lien Claim is attached hereto as Exhibit "B" and incorporated herein by reference.

28. Beginning in February, 2016, Plaintiff, as well as her brother and a friend of her brother who lives in Virginia, began to receive collection calls from Defendant C&B, who was apparently hired by Defendant CMC to collect on the alleged debt owed by Plaintiff.

29. At about the same time, both Plaintiff and her brother began to receive calls from Apex Investigations, stating that Apex had been directed to visit Plaintiff's home to assess the

value of the Subject Property in preparation for foreclosure proceedings, and that an agent was scheduled to be at the property within 24-48 hours.

30. On February 9, 2016, an individual purportedly by the name of James Peterson of Apex Investigations called Plaintiff and left a voicemail message. On February 10, 2016, an individual by the name of Thomas McKewen, Legal Administrator of Defendant C&B called Plaintiff and left a voicemail. The voicemail recordings reveal that Mr. Peterson and Mr. McKewen are the same person.

31. Defendant C&B continued to contact Plaintiff after she informed them she was represented by counsel.

32. Defendant C&B, including its employee, Janet Rhodes, falsely implied, orally and in writing, that it was authorized to practice law in the state of Pennsylvania and that it was a law firm, when, in fact, it is a debt collection agency based out of Delaware.

## COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C.A. §§ 1692, et seq. - DEFENDANT C&B

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff allegedly incurred a financial obligation for primarily personal, family, or household purposes that is therefore a "debt" as that term is defined by 15 U.S.C.A. § 1692a(5).

35. Plaintiff is informed and believes that Defendant C&B violated the following provisions of the FDCPA, including but not limited to:

    a. 15 U.S.C.A. § 1692b and 15 U.S.C.A. § 1692b(b) by contacting Plaintiff's brother and Plaintiff's brother's friend;

b. 15 U.S.C.A. § 1692b(6) and 15 U.S.C.A. § 1692c(a)(2) by contacting Plaintiff after Defendant C&B knew she was represented by an attorney;

c. 15 U.S.C.A. § 1692d for harassment of Plaintiff by repeated phone calls, threats of unlawful legal action, such as foreclosure, and failing to disclose their true identity;

d. 15 U.S.C.A. § 1692e(2) for making false, deceptive, and misleading representations to Plaintiff regarding the character, status, and amount of the debt;

e. 15 U.S.C.A. § 1692e(3) for making false, deceptive, and misleading representations to Plaintiff implicating that they were a law firm or attorneys licensed to practice in Pennsylvania;

f. 15 U.S.C.A. § 1692e(4) and (5) for making false, deceptive, and misleading representations to Plaintiff that the Subject Property would be proceeding to foreclosure;

g. 15 U.S.C.A. § 1692e(14) for making false, deceptive, and misleading representations to Plaintiff regarding their true identity, specifically, but not limited to, calls made by Defendant C&B claiming to be from Apex Industries;

h. 15 U.S.C.A. § 1692f(1) for unfairly attempting to collect additional monies from Plaintiff in the form of collection fees;

i. 15 U.S.C.A. § 1692f(6) by threatening to have an agent enter the property to assess its value for foreclosure proceedings; and

j. 15 U.S.C.A. § 1692g by failing to follow the procedures for validation of debt.

36. As a result of Defendant C&B's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C.A. §

1692k(a)(1), statutory damages pursuant to 15 U.S.C.A. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1692k(a)(3) from Defendant C&B.

WHEREFORE, Plaintiff demands that this Honorable Court enter judgment in their favor and against Defendant C&B, and enter: a) an award of actual damages pursuant to 15 U.S.C.A. § 1692k(a)(1) in an amount to be determined at trial; b) an award of statutory damages of $1,000 per violation pursuant to 15 U.S.C.A. § 1692k(a)(2)(A); c) an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.A. § 1692k(a)(3) against Defendant C&B in an amount to be determined at trial; and d) any other relief that the court deems just and proper.

### COUNT II - VIOLATION OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270.2, et. seq.. – DEFENDANT CMC, DEFENDANT KELLEY, AND DEFENDANT C&B

37.     Plaintiff incorporates by reference the preceding paragraphs as though set forth in full herein and further alleges as follows.

38.     This case involves money allegedly owed by a natural person, the Plaintiff, as a result of a services for personal, family or household purposes. As such, this action arises out of a "debt" as defined by 73 P.S. § 2270.3.

39.     Defendant CMC is a "creditor" as defined by 73 P.S. § 2270.3 in that it is an entity that is allegedly owed a debt.

40.     Defendant Kelley is a "creditor" as defined by 73 P.S. § 2270.3 in that he is an "agent[], servant[] or employee[] conducting business under the name of a creditor and within [Pennsylvania], to whom a debt is owed or alleged to be owed."

41..    Defendant C&B is a "debt collector" as defined by 73 P.S. § 2270.3, in that it is an entity acting on behalf of a creditor, Defendant CMC, and it is engaging or aiding directly or indirectly in collecting a debt allegedly owed to Defendant CMC.

8

42. The intentional actions and omissions of Defendant CMC constitute multiple violations of the FCEUA, 73 P.S. 2270.2, *et seq.*, including but not limited to the following:

   a. 73 P.S. § 2270.4(b)(1)(vi) and 73 P.S. § 2270.4(b)(2)(ii) by contacting Plaintiff regarding the alleged debt after Defendant CMC knew she was represented by an attorney;

   b. 73 P.S. § 2270.4(b)(2(i) by contacting Plaintiff regarding the alleged debt at unusual and inconvenient times;

   c. 73 P.S. § 2270.4(b)(3) by communicating with Plaintiff's brother and Plaintiff's brother's friend regarding the alleged debt;

   d. 73 P.S. § 2270.4(b)(4) by harassing Plaintiff through repeated threatening contacts about collecting the debt, and through misrepresentations made by Defendant C&B, regarding threats of unlawful legal action, such as foreclosure;

   e. 73 P.S. § 2270.4(b)(5) by making false, deceptive, or misleading representations with respect to who is attempting to collect the alleged debt;

   f. 73 P.S. § 2270.4(b)(5) and 73 P.S. § 2270.4(b)(6) by permitting Defendant Kelley, an agent of Defendant CMC to file an improper mechanics' lien claim on the Subject Property without providing proper notice to Plaintiff;

   g. 73 P.S. § 2270.4(b)(6) for unfairly attempting to collect additional monies from Plaintiff in the form of collection fees; and

   h. 73 P.S. § 2270.4(b)(7) by having Defendant C&B threaten to have an agent enter the property to assess its value for foreclosure proceedings.

43. Defendant Kelley violated 73 P.S. § 2270.4(b)(5) and 73 P.S. § 2270.4(b)(6) of the FCEUA by filing an improper mechanics' lien claim on the Subject Property, misrepresenting

9

that he was the owner of the Subject Property, and by not giving Plaintiff proper notice of the filing of the mechanics' lien.

44. Defendant C&B's multiple intentional violations of the FDCPA constitute a violation of the FCEUA. See 73 P.S. § 2270.4(a) ("It shall constitute an unfair or deceptive debt collection act or practice under this act if a debt collector violates any of the provisions of the Fair Debt Collection Practices Act").

45. Pursuant to 73 P.S. § 2270.5(a), "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of . . . the Unfair Trade Practices and Consumer Protection Law [73 P.S. § 201-1 *et seq.*]."

46. The UTPCPL provides the following relief for a Plaintiff filing a private cause of action: "[a plaintiff may] recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." 73 P.S. § 201-9.2.

47. As a result of Defendant CMC, Defendant Kelley, and Defendant C&B's violations of the FCEUA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages, treble damages, and reasonable attorney's fees and costs, as well as removal of the mechanics' lien from the Subject Property.

WHEREFORE, Plaintiff demands that this Honorable Court enter judgment in their favor and against Defendant CMC, Defendant Kelley, and Defendant C&B, and enter: a) an award of actual damages pursuant to 73 P.S. § 201-9.2 in an amount to be determined at trial; b) an award of treble damages pursuant to 73 P.S. § 201-9.2; c) an award of costs of litigation and reasonable

attorney's fees pursuant to 73 P.S. § 201-9.2 against Defendants in an amount to be determined at trial; d) the striking of the improper mechanics' lien; and e) any other relief that the court deems just and proper.

## COUNT III - VIOLATION OF THE HOME IMPROVEMENT CONSUMER PROTECTION ACT, 73 P.S.. § 517.1, et. seq.. - DEFENDANT CMC

48. Plaintiff incorporates by reference the preceding paragraphs as though set forth in full herein and further alleges as follows.

49. Defendant CMC is a "contractor" as defined by 73 P.S. § 517.2 of HICPA in that it "owns and operates a home improvement business or . . .undertakes, offers to undertake or agrees to perform any home improvement."

50. Plaintiff is the "owner" of the Subject Property, which was in need of home improvements due to damage from a hail storm. See 73 P.S. § 517.2.

51. Pursuant to HICPA, Plaintiff is entitled to protection against unlawful acts by a contractor, such as Defendant CMC.

52. Defendant committed multiple violations of HICPA, including, but not limited to:

    a. 73 P.S. § 517.7 by fraudulently inducing Plaintiff to sign an agreement with Defendant CMC when it's employees told Plaintiff it was only a "scope" document for the insurance company, by failing to obtain Plaintiff's initials on the document, and by failing to properly fill out the notice of cancellation, see Exhibit A;

    b. 73 P.S. § 517.7 by failing to disclose the name of subcontractors that would be working at the Subject Property;

c.  73 P.S. § 517.9(5) and 73 P.S. § 517.9(6) by failing to perform all that was required from the original "scope" document and by taking actions, such as removing the soffit and fraudulently replacing the shutters, that were specifically not authorized by Plaintiff; and

d.  73 P.S. § 517.9(10) by demanding a payment of a deposit in the full amount of the insurance payment.

53.  "A violation of any of the provisions of [HICPA] shall be deemed a violation of . . the Unfair Trade Practices and Consumer Protection Law." 73 P.S. § 517.10.

54.  The UTPCPL provides the following relief for a Plaintiff filing a private cause of action: "[a plaintiff may] recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." 73 P.S. § 201-9.2.

55.  As a result of Defendant CMC's violations of HICPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages, treble damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands that this Honorable Court enter judgment in their favor and against Defendant CMC and enter: a) an award of actual damages pursuant to 73 P.S. § 201-9.2 in an amount to be determined at trial; b) an award of treble damages pursuant to 73 P.S. § 201-9.2; c) an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2 against Defendant CMC in an amount to be determined at trial; and d) any other relief that the court deems just and proper.

## COUNT IV - VIOLATION OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, et seq.. - DEFENDANT CMC AND DEFENDANT C&B

56.     Plaintiff incorporates by reference the preceding paragraphs as though set forth in full herein and further alleges as follows.

57.     As a person who received services primarily for personal, family or household purposes and suffered an ascertainable loss of money and/or property, Plaintiff has the right to file a private action against Defendant CMC and Defendant C&B. See 73 P.S. § 201-9.2.

58.     Defendant CMC engaged in unfair or deceptive acts or practices as described in the Unfair Trade Practices and Consumer Protection Law, including, but not limited to:

   a.     73 P.S. § 201-2(4)(v), (vi), and (vii) by misrepresenting the nature and quality of materials, such as the shutters, and making faulty recommendations based on misrepresentations about those materials;

   b.     73 P.S. § 201-2(4)(vi) by representing that the shutters were the original shutters, when instead, they were deteriorated, altered, reconditioned, reclaimed, used or secondhand;

   c.     73 P.S. § 201-2(4)(xv) by knowingly misrepresenting that services, replacements or repairs were needed on Plaintiff's home when they were not needed;

   d.     73 P.S. § 201-2(4)(xvi) by making repairs, improvements or replacements on the home of a nature or quality inferior to or below the standard of that agreed to in writing; and

   e.     73 P.S. § 201-2(4)(xxi) - engaging in other fraudulent or deceptive conduct that creates a likelihood of confusion or of misunderstanding, which has been outlined more fully in the above counts.

59. Defendant C&B engaged in unfair or deceptive acts of practices as described in the Unfair Trade Practices and Consumer Protection Law, including, but not limited to:

   a. 73 P.S. § 201-2(4)(i), (ii), and (iii) by causing confusion when they misrepresented who they were when calling Plaintiff regarding collection of a debt; and

   b. 73 P.S. § 201-2(4)(xxi) by engaging in other fraudulent or deceptive conduct that creates a likelihood of confusion or of misunderstanding, which has been outlined more fully in the above counts.

60. The UTPCPL provides the following relief for a Plaintiff filing a private cause of action: "[a plaintiff may] recover actual damages or one hundred dollars ($100), whichever is greater. The court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars ($100), and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." 73 P.S. § 201-9.2.

61. As a result of Defendant CMC's violations of the UTPCPL, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to actual damages, treble damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands that this Honorable Court enter judgment in their favor and against Defendant CMC and Defendant C&B, and enter: a) an award of actual damages pursuant to 73 P.S. § 201-9.2 in an amount to be determined at trial; b) an award of treble damages pursuant to 73 P.S. § 201-9.2; c) an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2 against Defendants CMC and C&B in an amount to be determined at trial; and d) any other relief that the court deems just and proper.

## COUNT V - FRAUD/INTENTIONAL MISREPRESENTATION – DEFENDANT CMC AND DEFENDANT C&B

62. Plaintiff incorporates by reference the preceding paragraphs as though set forth in full herein and further alleges as follows.

63. Defendant CMC has made intentional misrepresentations and perpetrated fraud against Plaintiff since the "scope" document was signed. See Exhibit A.

64. Defendant CMC's employees fraudulently induced Plaintiff to sign an agreement with their employer by misrepresenting that the contract was simply a "scope" document for the insurance company, and by not having her initial the document.

65. Defendant CMC's employees' representations were intentional and designed to induce Plaintiff to enter into a contract with Defendant CMC.

66. Plaintiff justifiably relied on the fraudulent representations of Defendant CMC's employees and suffered actual damages as a result of being forced into a contract with Defendant CMC.

67. Defendant CMC's fraudulent representations continued throughout the time they performed work at the Subject Property, intentionally misrepresenting the quality of materials, as well as making other misrepresentations about the shutters as explained more fully above.

68. Plaintiff justifiably relied on these representations, and has faced actual damages of lesser quality materials in her home, and incomplete improvements.

69. Defendant C&B also acted fraudulently towards Plaintiff by making intentional misrepresentations about their identity, about their authority to foreclose on Plaintiff's home, and their status as a law firm.

15

70.  Plaintiff justifiably relied on these representations and was forced to retain legal counsel to combat these misrepresentations.

WHEREFORE, Plaintiff demands that this Honorable Court enter judgment in her favor and against Defendant CMC and Defendant C&B, and enter: a) an award of actual damages pursuant in an amount to be determined at trial; b) an award of exemplary/punitive damages, and c) any other relief that the court deems just and proper.

### COUNT VI - BREACH OF CONTRACT - DEFENDANT CMC

71.  Plaintiff incorporates by reference the preceding paragraphs as though set forth in full herein and further alleges as follows.

72.  Defendant CMC has breached its contract, oral or written with Plaintiff.

73.  Defendant CMC has breached the oral agreement made with Plaintiff regarding repairs to the home. Additionally, to the extent the Court finds that Exhibit A constitutes a contract, Defendant CMC has also breached that agreement.

74.  In violation of Exhibit A, Defendant CMC installed Mastic-brand siding, when that document specifically called for CertainTeed-brand siding.

75.  Defendant CMC failed to timely engage in repairs by not delivering the siding until November 30, 2015, and by failing to have window replacement sales people come to Plaintiff's home.

76.  Defendant CMC breached the agreement with Plaintiff by failing to provide her with a $3,000 cost savings, which was promised to her by its employee, Mr. Graham, because she agreed to use vinyl replacement siding instead of aluminum siding.

77.  In breach of their oral agreement, Defendant CMC removed Plaintiff's aluminum shutters and replaced them with inferior plastic shutters.

78. Defendant CMC additionally breached its agreement with Plaintiff by failing to properly cap a wire near the ceiling of the front porch, which is in violation of the Building Code.

79. Finally, Defendant CMC breached its agreement with Plaintiff by removing the porch soffit when Plaintiff specifically instructed Defendant CMC to not remove this, and by failing to replace a storm door or reglaze three broken windows.

80. Defendant CMC's breach of its agreements with Plaintiff have caused Plaintiff damage.

WHEREFORE, Plaintiff demands that this Honorable Court enter judgment in her favor and against Defendant CMC, and enter: a) an award of actual damages pursuant in an amount to be determined at trial; and b) any other relief that the court deems just and proper.

Respectfully submitted,

Date: 1/9/17

WILLIAM J. FRIES, ESQUIRE I.D. #25914
Attorney for Plaintiff, Gloria Sturzenacker
The Atrium – Suite 106
2895 Hamilton Boulevard
Allentown, PA  18104-6172
Tel: (610) 437-3001
Fax: (610) 437-6002
Email: wjf@frieslaw.com