UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| GLORIA STURZENACKER, : | |
| Plaintiff, : | |
| : | |
| v. : | No. 5:17-CV-00113-JFL |
| : | |
| CMC RESTORATION, INC.; : | |
| CHRISTOPHER & BRUMMETT, INC; and : | |
| DAVID KELLEY, : | |
| Defendants. : | |

_____

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                                   July 27, 2017
**United States District Judge**

    **I.**         **Background**

        This case involves a dispute between a home-owner and a contractor. In June 2015, Plaintiff Gloria Sturzenacker's home was damaged by a storm. Compl. ¶¶ 10, 17, ECF No. 1. Shortly thereafter, Sturzenacker entered into a contract with Defendant CMC Restoration ("CMC") to repair the damage. Compl. ¶¶ 19-20. Sturzenacker alleges that after work had begun, CMC "failed to perform proper repairs" and that in response she refused to pay CMC. Compl. ¶¶ 21, 25. Following her refusal to pay, CMC's president filed a mechanics lien on Sturzenacker's home and the company hired Defendant Christopher & Brummett, Inc. ("C&B"), a collection agency, to collect on the debt. Compl. ¶¶ 27-28. Sturzenacker alleges that C&B engaged in numerous harassing behaviors in violation of multiple state and federal statutes.

        Plaintiff's complaint originally brought the following claims: violation of the federal Fair Debt Collection Practices Act ("FDCPA") against Defendant C&B; violation of Pennsylvania's Fair Credit Extension Uniformity Act ("FCEUA") against Defendant CMC, C&B, and Kelley; violation of Pennsylvania's Home Improvement Consumer Protection Act ("HICPA") against CMC;

1

violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against CMC and C&B; fraud against CMC and C&B; and breach of contract against CMC. On April 12, 2017, Defendant C&B defaulted for failure to appear. Then, on June 28, 2017, this Court entered an Order and an Opinion dismissing, without prejudice, the FCEUA claims against CMC and Kelley. *See* ECF Nos. 13-14.

Additionally, this Court noted that the claims appeared to be part of the "same case or controversy" and therefore this Court could exercise supplemental jurisdiction. *Id*. The Order granted Sturzenacker leave to file an amended complaint but stayed the time to file said amended complaint pending a decision regarding supplemental jurisdiction. The June 28 Order directed the parties to submit briefs discussing whether this Court should exercise supplemental jurisdiction. The parties were specifically instructed to discuss 28 U.S.C. § 1367(c)(2) and whether the state claims in this case "substantially predominate over" the federal claim.[1]

## II. Analysis

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Furthermore, the power to exercise supplemental jurisdiction "need not be exercised in every case in which it is found to exist." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The Supreme Court has cautioned that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

---

[1] The only federal claim, which was the sole basis for federal jurisdiction, was the FDCPA claim against Defendant C&B, which has now been defaulted.

Where, as here, a party seeks supplemental jurisdiction of state-law claims, the court must evaluate jurisdiction under the statutory principles of 28 U.S.C. § 1367. *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003). The statute provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>   (1) the claim raises a novel or complex issue of State law,
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>   (3) the district court has dismissed all claims over which it has original jurisdiction, or
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Pursuant to subparagraph 2, "if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966). Not all three factors must be present for the court to decline to exercise supplemental jurisdiction. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309-312 (3d Cir. 2003) (holding that when the state claims predominate over the federal claims in terms of proof and scope of the issues presented, the court may decline to exercise supplemental jurisdiction). The Third Circuit Court of Appeals has stated that § 1367(c)(2) may be invoked when "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995).

The proof needed to litigate the state claims[2] is distinct from the proof needed for the defaulted federal claim. Sturzenacker's brief correctly points out that the defaulted federal claim is not yet fully resolved. Pls.' Br. Support Supp. Jur. at 7, ECF No. 17. However, Plaintiff is incorrect in stating that this fact alone mandates the exercise of supplemental jurisdiction. The only

---

[2] For the purposes of this Order, this Court assumes that the state-law claims dismissed without prejudice may be sufficiently pled in an amended complaint.

3

evidence that will be required to fully litigate the sole federal claim is evidence regarding the amount of damages to be imposed on C&B. *See* Fed. R. Civ. P. 55(b)(2)(B); *see also Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true'"). This amount of evidence would be vastly less than the "proof" required to fully litigate the five state-law claims. Thus, "in terms of proof" the state claims "substantially predominate" over the lone defaulted federal claim.

As it pertains to the "comprehensiveness of remedies sought," this factor also weighs against exercising supplemental jurisdiction. In the federal claim, Sturzenacker seeks an award of actual and statutory damages, as well as attorney's fees and costs. This relief is also requested in some of the state law claims. However, this Court may be able to assess damages for the defaulted claim upon briefing by the parties, while the state claims likely would see the question of damages posed to a jury. Furthermore, the state claims include requests for treble damages, punitive damages, and the removal of the mechanics lien from the subject property. Compl. ¶ 47. These remedies are distinct from and broader than those sought in the federal claim.

Finally, "in terms of the scope of issues raised" it appears that the five state claims "substantially predominate over" the federal claim. Again, the only issue remaining in the defaulted federal claim is the amount of damages to be awarded. Conversely, the state claims raise issues of liability, the possibility of affirmative defenses, and damages. Additionally, the only law applicable to these issues is state law. Thus, it is clear that "in terms of the scope of the issues presented" the state law claims "substantially predominate over" the federal claim.

Consequently, this Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2). *See Ruiz v. Apco Constr.*, No. 2:10-cv-1312, 2014 U.S. Dist. LEXIS 82270, at *16 (D. Nev. June 17, 2014) (finding that the state law claims against APCO "substantially

4

predominate[d]" over the stayed federal claims against a co-defendant and the federal claims against another co-defendant against whom default had been entered); *Boyd v. Herron*, 39 F. Supp. 2d 1129, 1131 (N.D. Ind. Mar. 15, 1999) (declining to exercise supplemental jurisdiction after the entry of default against the co-defendants because the only substantive issues remaining were those related to the state law claim). Moreover, the justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants" and "if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. Looking to concerns of judicial economy and convenience to the parties, this Court finds that because this case is in the early stages of litigation, the risk of conflicting court decisions and duplicative discovery is minimal.

### III. Conclusion

Because federal courts are courts of limited subject matter jurisdiction and the state law claims remaining in this case "substantially predominate over" the lone defaulted federal law claim, this Court declines to exercise of supplemental jurisdiction.

A separate Order follows.

                                                  BY THE COURT:

                                                */s/ Joseph F. Leeson, Jr.*_____
                                                JOSEPH F. LEESON, JR.
                                                United States District Judge